IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOUGLAS BRUECKNER and COLETTE BRUECKNER, | ) ) ) | |
| Plaintiffs, | ) ) | 4:04CV3006 |
| v. | ) ) ) | |
| BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, a corporation, and BROWN'S CREW CAR D/B/A ARMADILLO EXPRESS, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

    Defendants have moved for an order "quashing the deposition" of plaintiffs' witness, Dr. Tim J. Watt, M.D., prohibiting the introduction of evidence of his opinion that plaintiff Douglas Brueckner would benefit from additional surgery; alternatively, defendants seek a continuance of the trial until such time as said plaintiff has had the surgery and has recovered from it. Defendants claim they would be prejudiced if the plaintiffs are permitted to introduce evidence that plaintiff Douglas Brueckner should have and would perhaps benefit from the surgery, leaving defendants unable to adequately contest plaintiffs' claims for damages, particularly with respect to plaintiff Douglas Brueckner's claimed loss of earnings capacity.

    Plaintiffs object, arguing that the defendants' motion seeks, in reality, an indefinite postponement and plaintiffs are entitled to have their claims heard and decided promptly[1].  They

---

[1] Plaintiffs do not explain why the doctor has not formally been added to the witness lists in the final pretrial order, nor why no action has been taken to take the doctor's deposition before now.  Defendants have voiced no objection to the adding of the witness, and I shall therefore consider him added to the plaintiffs' witness list.

reject the notion that the defendant is entitled to delay a trial until a plaintiff has had all recommended medical treatment and has fully recovered.  In addition, plaintiffs state that they do not have sufficient funds to pay for the proposed surgery.  Nothing has been filed, however, to the effect that but for the funding question, plaintiff Douglas Bueckner would go forward with the surgery.

Defendants have failed to demonstrate extant good cause for a continuance of the trial, for the reason that as the case now stands, plaintiff has not had the recommended surgery.² In that respect the case stands in the same position as it did on September 28, 2005 when Judge Kopf entered the order continuing the trial, that is, nothing unanticipated has occurred since.  I shall deny the request for continuance.

Regarding the defendants' request to "quash the deposition" of the doctor, such a motion requires good cause.  It is the province of the jury to assess the facts surrounding the dispute, including the credibility of the plaintiff's statements that he does or does not intend to seek additional medical treatment, and his doctor's assessment that it is necessary or recommended.  Defendants' witnesses will undoubtedly challenge the assessment of plaintiff's doctor.  All of such evidence goes to the issue of the plaintiff's present condition and his damages and, as argued by defendants, particularly any claimed loss of earning capacity.  However, plaintiff's failure to avail himself of needed or recommended medical treatment that might ameliorate his condition

---

²Nothing before me has explained why the plaintiff is not eligible for coverage under the railroad's supplemental sickness coverage or other insurance, since the claimed injury is alleged to have occurred in connection with plaintiff Douglas Brueckner's employment with the railroad.

and return him to the workforce could also be presented to the jury as failure to mitigate.  I see no basis for keeping this evidence of the plaintiff's present condition away from the jury.  Further, providing defendants the opportunity to garner other evidence should eliminate, or at least lessen, any prejudice from this order.  In addition, I shall restrict my ruling to the taking of Dr. Watt's deposition and allowing defendants to counter that evidence.  I do not consider this ruling to preclude the judge presiding at the trial to revisit the issue once that evidence has been gathered.

IT THEREFORE HEREBY IS ORDERED,

1.  Defendants' motion to quash, filing 124, is denied.

2.  Defendants may conduct an independent medical examination of the plaintiff following the deposition of Dr. Watt, with a physician to be selected by defendants.  Plaintiff shall submit to such an examination on or before January 15, 2006.

3.  Defendants may name an additional expert witness to rebut the opinions of Dr. Watt.  The disclosures required by Fed. R. Civ. P. 26(a)(2) shall be made as soon as possible after the plaintiff's independent medical examination, but in any event not later than the Friday before trial.  Plaintiffs' counsel is not given leave to depose this newly named expert witness.

DATED this 14th day of December, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

3