```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| DOUGLAS BRUECKNER and<br>COLETTE BRUECKNER, | )<br>)<br>) | |
| Plaintiffs, | ) | 4:04CV3006 |
| | ) | |
| v. | ) | |
| | ) | |
| BURLINGTON NORTHERN AND SANTA<br>FE RAILWAY COMPANY, a<br>corporation, and BROWN'S CREW<br>CAR D/B/A ARMADILLO EXPRESS, | )<br>)<br>)<br>) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

Defendants have moved to compel the plaintiff to submit to an independent medical examination on June 9, 2006 in Omaha, Nebraska. According to the motion, plaintiff's counsel agreed to the examination, having first been advised that the doctor would charge a "cancellation fee" if the appointment is not kept. After the appointment had been made with plaintiff's counsel's approval, plaintiff's counsel responded that because of his spinal injury, plaintiff is unable, without undue hardship and expense, to travel to Omaha for the examination, and requested the defendants to pay for a five-day automobile trip to Omaha from Chadron where he resides, together with subsistence expenses for himself and his wife, his wife's lost wages for the duration of her absence from work, and travel expenses, and a like amount for the return trip for another five days. Defendants argue that this is unreasonable and was not part of their agreement for the examination, and seek an order compelling plaintiff to travel to Omaha at his own expense, and keep the appointment.

Initially, there are procedural problems with the motion. First, I must note that it does not recite the time and place of any "conference" between counsel to seek an agreement outside the

involvement of the court, as required by NECivR 7.1(I) (An exchange of letters or emails is ordinarily insufficient to comply with the requirement for a "conference").  Second, plaintiff has not complied with the local rule that prohibits evidentiary material from being made a part of a brief.  See, NECivR 7.1(b)(2).  In light of the time constraints and the fact that the materials have been filed, however, I shall overlook these matters in this instance.  Counsel are advised to follow the requirements of the local rules in future filings.

If the plaintiff's condition is as alleged in his response to the motion, it is puzzling why his counsel agreed to have him travel to Omaha for the examination in the first place.  Further, there is insufficient time at this point to "make the appointment" on June 9 by driving to Omaha.  Nothing in the materials, however, explains why the plaintiff could not fly from, say, Rapid City where he goes to his treating physician, to Omaha, if ordered to keep the appointment.  Plaintiff's after-the-fact demand for defendants to underwrite a ten-day automobile trip is unreasonable.  See <u>McCloskey v. United Parcel Service General Services Co.</u>, 171 F. R. D. 268 (D. Or. 1997).

Ordinarily it would also be unreasonable for a plaintiff to refuse to travel to the site of the trial for his independent medical examination.  See, e.g., <u>Blount v. Wake Elec. Membership Corp.</u>, 162 F. R. D. 102, 107 (E. D. N. C. 1993); <u>Landry v. Green Bay & Western R. Co.</u>, 121 F. R. D. 400 (E. D. Wis. 1988).  In this case, however, his doctor states that because of ongoing symptoms and upcoming tests, in his opinion it would be "imprudent for Mr. Brueckner to "travel long distances, especially clear across the state."  Filing 140, Exhibit A.  That distance is approximately 500 miles.  The doctor does not say,

though, that plaintiff would or even would likely suffer harm if required to travel to Omaha at this time.  Plaintiff has made no showing that a physician closer to the plaintiff's residence is available to conduct the examination, and defendants have made no showing that there is no physician closer to the plaintiff's place of residence who could perform an independent medical examination.  Neither side has addressed the fact that the court's order setting a June 15, 2006 deadline for the examination was entered on January 4, 2006, yet the appointment was apparently made only on May 8, 2006.  The motion was filed May 25.

With more facts unknown than known in this matter, it is clear that counsel should have accommodated each other and the plaintiff by working out an agreement to minimize both expense and hardship to the plaintiff.  Their having failed to do so leaves the court to make this decision for them, largely in a vacuum.  I shall give counsel another opportunity to agree, but in the absence of their agreement, I conclude that the plaintiff should be required to travel to Omaha for the appointment, but at the defendants' limited expense.  I shall direct defendants to pay expenses up to $600.00 to the plaintiff for his travel to and from the site of the examination, provided that he do so by plane or other transportation so he can lessen the expenses and get to Omaha in time for the appointment. If after the examination, either side claims to have suffered from the opponents' frustration of this order, sanctions may be considered.

   IT THEREFORE HEREBY IS ORDERED:

   1. The motion to compel, filing 136, is granted in part, and in the absence of counsel's agreement to the contrary:

    a.  Plaintiff shall travel to Omaha by air for his medical examination as scheduled on June 9, 2006.

    b.  Defendants shall pay plaintiff's travel expenses up to $600.00 to travel to and from the site of the examination.

The motion is otherwise denied.

    2.  Each side shall pay its own expenses with respect to this discovery matter.

DATED this 6th day of June, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge